UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**RONNIE LEBOEUF and**
**HYEIL C. LEE**                                                                                   **PLAINTIFFS**


**V.**                                        **CIVIL ACTION NO. 1:05CV491 LTS-RHW**


**STATE FARM FIRE AND CASUALTY COMPANY and**
**KELLY CANNON**                                                                              **DEFENDANTS**


## MEMORANDUM OPINION

The Court has before it Plaintiffs Ronnie Leboeuf and Hyeil C. Lee's (Plaintiffs) motion to remand. For the reasons discussed below, this motion will be granted.

This action seeks compensation for property damage sustained in Hurricane Katrina. The state court complaint alleges that Plaintiffs were policy holders insured by Defendant State Farm Fire and Casualty Company (State Farm)and that Defendant Kelly Cannon (Cannon) was the agent through whom Plaintiffs purchased their State Farm policies.

According to the complaint, when Plaintiffs purchased their State Farm policies through Cannon, Cannon represented to them that the policies covered any damages that the property might incur in a hurricane, including both wind and water damage. Plaintiffs allege that they relied on Cannon's representations regarding the insurance coverage they purchased. After the destruction of their property during Katrina, State Farm's adjuster informed Plaintiffs that all damage resulting from water would not be covered by the State Farm policies. Plaintiffs allege that Cannon was negligent in making representations that the policies covered all damages that Plaintiffs might incur in a hurricane, including wind and water damage.

Legal Theory Supporting Removal - Fraudulent Joinder

State Farm's citizenship is diverse from Plaintiffs'; Cannon's citizenship is not. If Cannon is a properly-named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332, because there is no complete diversity of citizenship.

Removal is premised on State Farm's assertion that Plaintiffs have fraudulently joined Cannon as a defendant, and, having made that assertion, State Farm bears the burden of proving it to be true. B., Inc., v. Miller Brewing Co., 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. Dodson v. Spiliada Maritime Corp., 951 F2d 40 (5th Cir.1992); Hart v. Bayer Corp., 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this Court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed. These standards are even more liberal toward the plaintiffs than the standards that apply to a motion under F.R.Civ.P. 12(b) since, in addition to accepting the allegations of the complaint and granting all reasonable factual inferences in favor of the plaintiffs, the Court must also give the plaintiffs the benefit of all reasonable doubt as to issues of state law, a factor not applicable under a Rule 12(b) motion.

Allegations of the Complaint

Plaintiffs have alleged that when they purchased their State Farm policy prior to Hurricane Katrina, Cannon told them they did not need to purchase flood insurance. According to the complaint, Plaintiffs relied upon Cannon's representations regarding the insurance coverage that they purchased and elected not to purchase flood insurance. Plaintiffs allege that Cannon's representations were negligent, that the representations were material, that they reasonably relied upon his representations, and that they have suffered damage as a result of this reliance.

Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. McKinnon v. Batte, 485 So.2d 295 (Miss.1986); Lovett v. Bradford, 676 So.2d 893 (Miss.1996); First United Bank of Poplarville v. Reid, 612 So.2d 1131 (Miss.1992).

As insurance agent or adjuster who acts with gross negligence, malice, or with reckless disregard for the rights of the insured during the process of adjusting a loss or considering the merits of a claim may incur individual liability for such acts. Bass v. California Life Ins. Co., 581 So.2d 1087 (Miss.1991).

Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

Berkline v. Bank of Mississippi, 453 So.2d 699 (Miss.1984); Spragins v. Sunburst Bank, 605 So.2d 777 (Miss.1992). These essential elements fit the theory of Plaintiffs' claim against Cannon.

An actionable negligent misrepresentation may occur in circumstances where there is no legal duty underlying the representation. In Berkline v. Bank of Mississippi, 453 So.2d 699 (Miss.1984), a bank's statements concerning a bank customer's credit worthiness, made gratuitously in response to an inquiry by someone to whom the bank owed no duty, were found actionable when the

statements proved false and were relied upon by the inquirer in extending credit to the bank's customer.

Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase and in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Representations made by an insurer's agent may become binding when an insured reasonably relies upon the representations in purchasing insurance. Scott v. Transport Indemnity Co., 513 So.2d 889 (Miss.1987); Nichols v. Shelter Life Insurance Co., 923 F.2d 1158 (5th Cir.1991).

Of course, the truth of Plaintiffs' allegations, the circumstances in which Cannon's alleged representations were made, the question of whether Plaintiffs reasonably relied upon the statements they attribute to Cannon, and the question whether the representations, if made, were made negligently, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, Plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of Plaintiffs' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Cannon and State Farm have failed to establish that Plaintiffs have no viable legal theory upon which they may proceed against Cannon. The Court need not make findings on the other theories of recovery set forth in the complaint since the cause will be remanded.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 6th day of June, 2006.

                                          s/ *L. T. Senter, Jr.*

                                          L. T. Senter, Jr.
                                          Senior Judge