# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**RONNIE LEBOUEF and HYEIL C. LEE
PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO.1:05CV491 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY
and KELLY CANNON**                                        **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Defendant State Farm Fire and Casualty Company's (State Farm) motion to alter or amend the court's June 6, 2006, order remanding this case to the Circuit Court of Hancock County, Mississippi.  After considering the arguments of State Farm in support of this motion, I am persuaded that my original order was correct and that this action must be remanded.  Accordingly, State Farm's motion to alter or amend the remand order will be denied.

State Farm correctly points out in its motion that the plaintiffs have not alleged that they refrained from purchasing flood insurance in reliance on the representations of Defendant Kelly Cannon (Cannon).  The plaintiffs do allege, however, that Cannon misrepresented the coverage that would be afforded by the policies they did purchase. The plaintiffs specifically allege, in paragraph 12 of the state court complaint: "When Plaintiffs purchased the subject policy with a hurricane deductible, Defendant Cannon represented to them that the policy covered any damages that the Plaintiffs might incur during a hurricane, including both wind and water damage.  Plaintiffs relied on Defendants = [sic] representation regarding the insurance coverage that they purchased."

Under the standards applicable to removal on grounds of fraudulent joinder, these allegations must be accepted as true, and the plaintiffs must be afforded all reasonable inferences in support of their claim against Cannon. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992).  Applying this standard to the plaintiffs' allegation that Cannon misrepresented the coverage under the State Farm policies the plaintiffs purchased, I find that they have alleged a cause of action sufficient to at least theoretically support a recovery under Mississippi law, if the plaintiffs meet their burden of proof on the merits of their claim.  Of course, I express no opinion on the merits of the plaintiffs' claim.

The defenses raised in support of removal may carry the day in the state court, and the complaint against Cannon may ultimately be dismissed, but at this juncture, the plaintiffs are only required to allege a theoretically sound theory of recovery against Cannon, aided by the legal standard applicable to contentions that a non-diverse defendant has been fraudulently joined.

Accordingly, the order of remand will not be reversed or modified.  An appropriate order will be entered.

Decided this 14th day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge